PER CURIAM.
This cause is before us on appeal from an order of the trial court denying Appellant’s claim for breach of contract. Because we find the trial court erred in construing the parties’ contract, we reverse and remand.
The contract at issue required Appellant, H.D. Callaway, to “assist [Appellee, Roberts Electrical Contractors, Inc.] in the ... Impact and Delay Claim on the Gulf Coast Community College Student Services Project.” The contract provided that once assistance was given, Callaway would be paid either 10% of Roberts’ gross recovery if settled out of court, or 15% of Roberts’ gross recovery if resolved by litigation.[1] Callaway subsequently provided assistance to Roberts on its initial Impact and Delay Claim against Roberts’ general contractor, Lord & Son Construction. Following an unsuccessful attempt at mediation, Roberts’ claim went to trial and was eventually resolved in Roberts’ favor through arbitration. See Lord & Son Const, v. Roberts Electrical Contr., Inc., 624 So.2d 376 (Fla. 1st DCA 1993). Callaway requested Roberts pay him as provided in the contract. Roberts refused, and Callaway brought suit.
The trial court denied Callaway’s breach claim, construing the parties’ contract in a manner that would allow Callaway to be paid only if Roberts’ recovery was the result of Callaway’s assistance. The trial court found that, while Callaway provided assistance under the contract, the assistance did not result in Roberts’ ultimate recovery.
We reject the trial court’s construction. The contract is clear and unambiguous and only required Callaway to assist Roberts with its Impact and Delay Claim. Payment of Callaway’s fee was not dependent on his obtaining a specific result. Since the trial court found that Callaway provided assistance under the contract, Callaway is entitled to be paid.
We, therefore, REVERSE and REMAND for the trial court to enter judgment for Callaway.
BARFIELD, C.J., and BOOTH and BENTON, JJ., concur.

. Under the facts before us, "gross recovery” does not include costs and attorney fees.